Filed 7/31/26  Conservatorship of C.Q.W. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| Conservatorship of the Person of C.Q.W., Conservatee. | |
| R.W., <br><br> Petitioner and Appellant, <br><br> v. <br><br> C.W., as Conservator, etc., <br><br> Petitioner and Respondent; <br><br> FAMILY COURT SERVICES, <br><br> Objector and Respondent. | F090176 <br><br> (Super. Ct. No. BPB-23-002306) <br><br><br> **OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  James B. Green, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)

R.W., in pro. per., for Petitioner and Appellant.

No appearance for Petitioner and Respondent.

No appearance for Objector and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., DeSantos, J. and Harrell, J.

R.W. (mother), a self-represented litigant, appeals from an order denying her petition for visitation with conservatee C.Q.W., who is mother's adult son (son). Mother's appellate brief, which fails to comply with the California Rules of Court, asks this court to reverse the order because there was no evidence that mother's contact with son caused him significant physical or emotional harm. Son's father, C.W. (father), who was appointed his conservator in January 2024, has not filed a respondent's brief. We do not treat his failure to do so as a default or an admission that the trial court erred but instead consider the record and arguments raised by mother to determine whether reversal is required. (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1342, fn. 1; *Bustos v. Wells Fargo Bank, N.A.* (2019) 39 Cal.App.5th 369, 374; see Cal. Rules of Court, rule 8.220(a)(2).) As we explain, because mother has not presented legal authority for the relief she seeks or otherwise affirmatively demonstrated error or prejudice, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

The limited record on appeal constrains our understanding of the underlying proceedings. The clerk's transcript is comprised of only the minute order being appealed, the notice of appeal, mother's designation of the record on appeal, and the register of actions. The register of actions shows that a petition for conservatorship was granted in October 2023, and an order appointing father as the conservator and letters of conservatorship issued in January 2024. In May 2024, mother filed a petition for visitation. An unreported hearing was held on mother's petition on June 2, 2025. The minute order of that hearing states that mother and father appeared at the hearing and the probate court denied the petition without prejudice. Mother filed a timely notice of appeal from that order.

## DISCUSSION

Our resolution of this matter is compelled by settled principles of appellate review. A fundamental rule of appellate review is that " '[a] judgment or order of the lower court

2.

is *presumed* correct' " and " 'error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  The appellant has the burden of overcoming the presumption of correctness by demonstrating, " 'on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment.' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608.)  The party asserting error must also "*designate an adequate record*." (*Electronic Equipment Express, Inc. v. Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 858, fn. 13, italics added.)  "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9.)

Here, the appellate record is inadequate for meaningful review of mother's claim that she should have been granted visitation.  Mother's petition for visitation is not in the clerk's transcript and mother did not provide a settled statement of the June 2, 2025, hearing on her petition.  Thus, mother has failed to carry her burden to show the court erred when it denied her petition.

The absence of an adequate record also results in mother violating rules requiring her to support factual assertions made in an appellate brief with citations to the record. (Cal. Rules of Court, rule 8.204(a)(1)(C); see *Fierro v. Landry's Restaurant, Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5; *Rybolt v. Riley* (2018) 20 Cal.App.5th 864, 868 [appellate court may " 'disregard any factual contention not supported by a proper citation to the record' "].)  Mother's appellate brief makes factual assertions concerning what the probate court said, what father told the court, and why the court denied her petition, but she does not cite to the record to support these assertions.  "An appellant who fails to cite accurately to the record forfeits the issue or argument on appeal that is presented without the record reference." (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 589.)  Absent a record reference or our independent verification, we

3.

decline to consider mother's factual assertions and consider them forfeited. (*Fierro*, at p. 281, fn. 5; *Alki*, at p. 589.)

Finally, "[i]t is the duty of counsel by argument and the citation of authorities to show that the claimed error exists." (*In re Estate of Randall* (1924) 194 Cal. 725, 728.) Self-represented parties are held to the same standards as parties who are represented by counsel. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) An appellate brief must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.) Here, mother failed to support her claims with "reasoned argument and citations to authority." (*Id*. at p. 784.) Thus, her claims have been waived.

## **DISPOSITION**

The June 2, 2025, order denying appellant's petition for visitation is affirmed. Appellant shall bear her own costs on appeal.